UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHANIE WASHINGTON | ) | CIVIL ACTION NO.: |
|    *-Plaintiff-* | ) | |
| | ) | |
| V. | ) | 3:20-cv-01111 (VLB) |
| | ) | |
| DEVIN EATON, TERRANCE | ) | |
| POLLOCK, AZIZ ABDULLATTF, | ) | |
| CURT B. LENG, JOHN SULLIVAN, | ) | |
| TOWN OF HAMDEN, TOWN OF | ) | |
| HAMDEN POLICE DEPARTMENT, | ) | |
| RONNELL HIGGINS, YALE | ) | |
| UNIVERSITY, JUSTIN ELICKER, | ) | |
| OTONIEL REYES, CITY OF NEW | ) | |
| HAVEN, NEW HAVEN POLICE | ) | |
| DEPARTMENT, and T&S | ) | |
| UNITED, LLC | ) | |
|    *-Defendants-* | ) | SEPTEMBER 4, 2020 |

### RULE 26(f) REPORT OF PARTIES PLANNING MEETING

**Date Case Removed to Federal Court: August 5, 2020**

**Date of Defendant's Appearances:**

   **August 5, 2020, James N. Tallberg, Esq., appeared for the defendants, Curt B. Leng, John Sullivan, Town of Hamden, and Town of Hamden Police Department**

   **August 6, 2020, Patrick M. Noonan, Esq., appeared for the defendants, Terrance Pollock, Ronnell Higgins, and Yale University**

   **August 6, 2020, Michael Wolak, III, appeared for defendants, Justin Elicker, Otoniel Reyes, City of New Haven, and New Haven Police Department**

   **August 9, 2020, David C. Yale, Esq., appeared for defendant Devin Eaton**

   **August 20, 2020, John P. Morgan appeared for the defendants, Aziz Abdullattf and T&S United, LLC**

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, conferences were held on between August 11, 2020 and September 4, 2020.

The participants were:

>John-Henry M. Steele, for the plaintiff, Stephanie Washington
>
>David C. Yale, Esq., appeared for the defendant, Devin Eaton
>
>Patrick M. Noonan, Esq., for the defendants, Terrance Pollock, Ronnell Higgins, and Yale University
>
>James N. Tallberg, Esq., for the defendants, Curt B. Leng, John Sullivan, Town of Hamden, and Town of Hamden Police Department
>
>Michael A. Wolak, III, for defendants, Justin Elicker, Otoniel Reyes, City of New Haven, and New Haven Police Department
>
>John P. Morgan, Esq., for defendants Aziz Abdullattf and T&S United, LLC.

I. Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II. Jurisdiction**

    **A. Subject matter Jurisdiction: 28 U.S.C. § 1331 and 42 U.S.C. § 1983.**

    **B. Personal Jurisdiction is not contested.**

**III. Brief Description of Case**

    **A. Claims of Plaintiff: negligence and excessive use of deadly force in violation of Stephanie Washington's rights under the Fourth Amendment and 42 U.S.C. § 1983.**

    **B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant/s:**

    **1. The parties represented by James Tallberg, Esq. deny liability and intend to raise affirmative defenses including comparative negligence, governmental immunity and, as to Acting Chief Sullivan and Mayor Curt B. Leng, qualified immunity.**

    **2.   The parties represented by Patrick Noonan, Esq. and Matthew Geeland, Esq. deny all of the plaintiff's claims and maintain that they did not act in a manner that was negligent or that violated the plaintiff's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.  They intend to raise affirmative defenses of comparative negligence and qualified immunity.**

    **3.   The defendants Aziz Abdullattf and T&S United, LLC deny the material allegations of the complaint, deny liability, and intend to raise affirmative**

defenses including immunity, superseding intervening cause, privilege under the First Amendment of the Constitution of the United States, the "Noerr-Pennington doctrine," and Art. First, § 14 of the Constitution of Connecticut, among other defenses hereinafter to be determined. In addition, these defendants reserve the right to assert claims as appropriate based on the impropriety of certain allegations of the Complaint related to these defendants.

4. The parties represented by Michael Wolak, Esq. deny the material allegations of the Amended Complaint, deny liability, and assert that the plaintiff has failed to state a cause of action against these defendants upon which relief can be granted. These parties reserve the right to allege other defenses if the circumstances so warrant.

5. Counsel for Devin Eaton deny liability and intend to raise affirmative defenses including comparative negligence, governmental immunity, and qualified immunity.

IV. Statement of Undisputed Facts:

    A. The New Haven parties would agree that the following facts are undisputed:

        i. Defendant Justin Elicker is currently the Mayor of the City of New Haven.

        ii. Defendant Otoniel Reyes is currently Chief of the New Haven Department of Police Service.

**V. Case Management Plan:**

**A. Standing Order on Scheduling in Civil Cases:** Due to the number of parties involved and the factual complexities of this case, which will require the parties' experts to review and analyze a significant amount of information, the parties seek eighteen (18) months to complete discovery.

**B. Scheduling Conference with the Court:** The defendants respectfully request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The basis for this request is that there is a separate criminal action pending in the <u>State v. Eaton</u>, No. NNH -CR19-0224774-T, in which a party to this civil action, Hamden Police Officer Devin Eaton, is criminally charged with offenses arising from the same shooting incident at issue in this case. In that related criminal action, the Connecticut State Police Central District Major Crime Squad ("CSP") conducted an extensive investigation that culminated in the arrest by warrant of Officer Eaton. Upon information and belief, there is a vast quantity of evidence and information relevant and material to this civil action, but which the parties to this civil action are presently not allowed to access due to the pending criminal action. That evidence includes, but is not limited to: 1) forensic laboratory reports; 2) gunshot and trajectory analysis; 3) videos and audio recordings; 4) CSP digital photographs; 5) medical records; 6) witness statements; 7) physical evidence; and 8) evidence seized by search and seizure warrants. There are also obvious Fifth Amendment implications triggered

by the pending criminal case. Unless the Court can fashion a remedy that would allow all parties in this civil action equal access, with appropriate restrictions, to all of the relevant evidence, a stay of this action pending resolution of the underlying criminal case should be discussed before a scheduling order is adopted.

The plaintiff believes that if the Court is inclined to hold such a conference, then prior to that conference the parties should prepare proposed orders that would allow them equal access, with appropriate restrictions, to all of the relevant evidence.

C. Early Settlement Conference: The parties attempted to settle this case prior to the commencement of this lawsuit. However, each party's position in settlement was seen by the other parties as a barrier to further discussions. The defendants Aziz Abdullattf and T&S United, LLC were not consulted about settlement in any respect, however they concur to the extent they agree there is little or no prospect of settlement due to the vagaries of the instant action. Accordingly:

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2. The parties do not request an early settlement conference prior to the entry of a scheduling order pursuant to pursuant to D. Conn. L. Civ. R. 16.

3. The parties prefer a settlement conference with a magistrate judge.

4. The parties do not request a referral for alternative dispute resolution.

D. **Joinder of Parties and Amendment of Pleadings:** The parties do not presently seek any modification of the standing Order on Pretrial Deadlines with respect to joinder of parties or amendment of pleadings.

E. **Discovery**

   a. The parties anticipate that discovery will include but not be limited to the following subjects:

   1. Plaintiff anticipates that discovery will include but not be limited to the following subjects:

   a. the events that transpired on April 16, 2019 at the Go on Gas station in Hamden;

   b. the role that defendant Abdullattf's allegedly false report to 911 played in causing police (Defendants Eaton and Pollock) to shoot Stephanie Washington;

   c. whether Abdullattf's allegedly false report was an act for which T&S United, LLC is responsible;

   d. the facts that occurred at the scene where the plaintiff was shot, including;

      i. whether the plaintiff was struck by three or four bullets;

      ii. whether Terrance Pollock fired any bullets that struck the plaintiff;

      iii. whether the bullets fired by Terrance Pollock resulted in Devin Eaton firing more bullets at Stephanie Washington and, if so, how many and did any of those additional bullets strike Stephanie Washington;

      iv. which bullets were fired in which sequence and by whom, and which ones struck Stephanie Washington;

  e. whether the Town of Hamden must indemnify Devin Eaton;

  f. the alleged communications policy and practice failures that lead to a breakdown of proper police enforcement practices as detailed in the complaint;

  g. the alleged cross-policing policy and practice failures that lead to a breakdown of proper police enforcement practices as detailed in the complaint;

  h. whether the alleged communications policies and practices failures were a direct and proximate cause of her injuries;

  i. whether the alleged cross-policing policy and practice failures were a direct and proximate cause of her injuries;

  j. special and general damages, including the physical and emotional effects on Stephanie Washington of being shot multiple times.

2. Defendants anticipate that discovery will include but not be limited to the following subjects:

  a. The facts and circumstances that give rise to any communication made by the defendant Abduallattf;

  b. The substance of any communication made by the defendant Abdullattf;

  c. Whether there were any communications or policing policy failures;

  d. The activities of Stephanie Washington and Paul Witherspoon within the twenty-four (24) hours preceding

8

       the events alleged in the plaintiff's complaint and thereafter;

  e. The conduct of Paul Witherspoon while a patron of the Go on Gas station in Hamden on April 16, 2019, including, but not limited to, his interactions with Jordany Rodriguez;

  f. Paul Witherspoon's conduct at the scene of the alleged incident on Argyle Street in New Haven, including but not limited to, his actions in response to instructions given by Officer Eaton;

  g. The plaintiff's prior injuries and treatment;

  h. The plaintiff's injuries and treatment, including all mental health treatment, allegedly resulting from the incident alleged in the complaint;

  i. The events, acts or occurrences alleged in the plaintiff's complaint;

  j. The medical, psychological or physical condition of the plaintiff, Stephanie Washington;

  k. The relationship, if any, between the defendant Aziz Abdullattf and the defendant T&S United, LLC.;

  l. Defendants reserve the right to explore additional areas of discovery as the case develops.

 b. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by September 14, 2020, and completed by March 15, 2022.

 c. The defendants expect that discovery will be conducted in phases.

 d. Not applicable.

e. The parties anticipate that the plaintiff(s) will require a total of approximately fifteen (15) depositions of fact witnesses and that the defendant(s) will require a total of approximately fifteen (15) to twenty (20) depositions of fact witnesses. The depositions will commence by September 14, 2020 and be completed by June 15, 2021.

f. The parties will not request permission to serve more than 25 interrogatories.

g. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 15, 2021. Depositions of any such experts will be completed by November 15, 2021.

h. Defendant/s intend to call expert witnesses at trial. Defendant/s will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 15, 2021. Depositions of such experts will be completed by March 15, 2022.

i. A damages analysis will be provided by any party who has a claim or counterclaim for damages by January 15, 2021.

j. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information,

the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information.

     i. Specialized procedures concerning electronically stored information do not appear to be required at this time.

     ii. Counsel have not yet agreed upon the extent to which any electronic search and retrieval process may be required in this case.

     iii. The parties have agreed to preserve all electronically stored information that may be relevant to this case, and counsel will have further discussions concerning discovery of such information (including, without limitation, what data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, and the allocation of costs of assembling and producing such information) on an ad hoc basis in the event they arise during the course of discovery.

    k. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. Pursuant to Federal Rule of Evidence 502(e), the parties expressly agree that the inadvertent production of privileged information will not constitute a waiver of the privilege. The parties agree to the following procedures for asserting claims of privilege after production: If any information that is

**privileged or subject to work-product protection is disclosed, the party to whom it is disclosed will notify opposing counsel immediately, and the disclosing party will have 30 days to assert the privilege and seek the return of the information. The party to whom the information is disclosed agrees not to review the information after recognizing that a privilege or work-production protection applies and further not to duplicate that information or further disclose it. The parties further agree to utilize a Local Rule 26(e) privilege log under that rule's terms and conditions, with exceptions noted therein, and further agree to work with each other in good faith to avoid any discovery dispute. In the event that any information that is privileged or subject work-product protection is disclosed, Federal Rule 26(b)(5)(B) shall control.**

**F. Dispositive Motions: Dispositive motions will be filed on or before April 15, 2022.**

**G. Joint Trial Memorandum: The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 15, 2022, if no dispositive motions have been filed. If dispositive motions have been filed, the joint trial memorandum will be filed within thirty (30) days of the date when the court issues its order(s) on said motion(s).**

## VI. TRIAL READINESS

The case will be ready for trial by February 15, 2022 if no dispositive motions have been filed. If dispositive motions have been filed, the case will be ready for trial on the date when the joint trial memorandum has been filed.

**As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.**

          **THE PLAINTIFF,**
          <u>**STEPHANIE WASHINGTON**</u>

**By:**   <u>**/s/ John-Henry M. Steele**</u>
        **Dey Smith Steele, LLC**
        **9 Depot Street, 2nd Floor**
        **Milford, CT 06460**
        **Tel.: (203) 882-3351**
        **Fax: (203) 882-3359**
        **E-mail: jhs@deysmith.com**


        **Aziz Abdullattf and T&S United, LLC**

**By:** _____
**John J. Morgan (ct13312)**
**Barr & Morgan**
**84 West Park Place, Third Floor**
**Stamford, CT 06901**
**Tel: (203) 356-1595**
**Fax: (203) 504-8926**
**jmorgan@pmpalawyer.com**


**THE DEFENDANT,**
**DEVIN EATON**

**By <u>/s/</u>**_____
**Ct26912**
**David C. Yale**
**Hassett & George, PC**
**945 Hopmeadow Street**
**Simsbury, CT 06070**
**(860) 651-1333**
**(860) 651-1888 facsimile**
**dyale@hgesq.com**

THE DEFENDANTS,
JUSTIN ELICKER, OTONIEL REYES,
CITY OF NEW HAVEN, AND
NEW HAVEN POLICE DEPARTMENT


/s/ _____
Michael A. Wolak, III
Fed. Bar #ct12681
Senior Assistant Corporation Counsel
City of New Haven
Office of Corporation Counsel
165 Church Street
New Haven, CT 06510
Tel. #:  203-946-7970
Cell #:  203-376-4364
Fax #:  203-946-7942
Email: mwolak@newhavenct.gov
Their Attorney


THE DEFENDANTS,
YALE UNIVERSITY, RONNELL HIGGINS, and
TERRANCE POLLOCK
By: _____/s/_____
PATRICK M. NOONAN – CT00189
MATTHEW H. GEELAN – CT26934
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:           (203) 458-4424
Email:         pnoonan@ddnctlaw.com

15

        **DEFENDANTS, TOWN OF HAMDEN, HAMDEN POLICE DEPARTMENT, JOHN SULLIVAN, CURT B. LENG**

    **BY**/ss/ **James N. Tallberg**
      **James N. Tallberg**
      **Federal Bar No.: ct17849**
      **Karsten & Tallberg, LLC**
      **500 Enterprise Dr., Suite 4B**
      **Rocky Hill, CT 06067**
      **T: (860)233-5600**
      **F: (860)233-5800**
      **jtallberg@kt-lawfirm.com**

## CERTIFICATION

    I hereby certify that on Friday, September 4, 2020, a copy of the foregoing was filed electronically and served by U.S. Mail, postage prepaid, on anyone unable to access, use or accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        **/s/ John-Henry M. Steele (ct10187)**