UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **STEPHANIE WASHINGTON** | : | **CIVIL ACTION NO.** |
| | : | |
| **PLAINTIFF** | : | **3:20-cv-01111(VLB)** |
| | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DEVIN EATON, TERRANCE POLLOCK,** | : | |
| **AZIZ ABDULLATTF, CURT B. LENG,** | : | |
| **JOHN SULLIVAN, TOWN OF HAMDEN,** | : | |
| **TOWN OF HAMDEN POLICE DEPARTMENT,** | : | |
| **RONNELL HIGGINS, YALE UNIVERSITY,** | : | |
| **YALE UNIVERSITY POLICE DEPARTMENT,** | : | |
| **JUSTIN ELICKER, OTONIEL REYES,** | : | |
| **CITY OF NEW HAVEN, NEW HAVEN** | : | |
| **POLICE DEPARTMENT, and T&S UNITED** | : | |
| **LLC.** | : | **SEPTEMBER 9, 2020** |
| **DEFENDANTS** | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), the defendants, Yale University ("Yale"), Ronnell Higgins ("Chief Higgins"), and Terrance Pollock ("Officer Pollock"), hereby submit this memorandum of law in support of their Motion to Dismiss the Seventh, Eighth and Thirteenth Counts of the plaintiff's Amended Complaint (Document No. 15).

## I.    PLAINTIFF'S ALLEGATIONS

The plaintiff alleges that on April 16, 2019, she was a passenger in a vehicle operated Paul Witherspoon.  (Amended Complaint, § 30.)  At about 4:17 a.m., the plaintiff and Mr. Witherspoon stopped at co-defendant T&S United, LLC's gas station located at 144 Arch Street, Hamden, where Mr. Witherspoon engaged in an

exchange with Jordany Rodriguez, who was also a patron of the gas station. (Amended Complaint, ¶¶ 20, 33, 34.)  At approximately 4:20a.m., after Mr. Witherspoon and the plaintiff departed the gas station, co-defendant Aziz Abdullattf, an employee of T&S United, LLC who was working at the gas station at the time, initiated a 911 call and reported that Mr. Witherspoon had "pulled a gun" and attempted to rob Mr. Rodriguez.  (Amended Complaint, ¶¶ 7, 31, 38-41.)

As a result of this 911 call, co-defendant Officer Devin Eaton was informed by co-defendant Town of Hamden's dispatch that there had been a robbery, possibly with a gun. (Amended Complaint, ¶ 44.)  This information was also shared with dispatch for the co-defendant City of New Haven Police Department and the Yale Police Department, then subsequently shared with Officer Pollock. (Amended Complaint, ¶ 45, 48-52.)  It is alleged that, after he was dispatched to co-defendant T&S United, LLC's gas station, Officer Eaton then located Mr. Witherspoon's vehicle on Argyle Street in New Haven. (Amended Complaint, ¶¶ 44, 53-58.)  It is further alleged that Mr. Witherspoon's vehicle, in which the plaintiff was still a passenger, was stopped by Officer Eaton and Officer Pollock on Argyle Street. (Amended Complaint, ¶¶ 55-59.)  The plaintiff alleges that Officer Eaton and Officer Pollock thereafter discharged their weapons and that she was injured as a result. (Amended Complaint, ¶¶ 66, 71, 79.)[1]

---

[1] It is noteworthy that the forensic examination concluded that no bullet fired by Officer Pollock struck the plaintiff; and Officer Pollock was not charged with a crime.

On the basis of the foregoing allegations, the plaintiff alleges claims of negligence, unreasonable seizure in violation of 42 U.S.C. § 1983, indemnification pursuant to Conn. Gen. Stat. § 7-465, and municipal liability pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) against the defendants, Yale University, Terrance Pollack and Ronnell Higgins.   The Seventh Count (Respondeat Superior for violation of 42 U.S.C. § 1983), Eighth Count (indemnification pursuant to Conn. Gen. Stat. § 7-465), and Thirteenth Count (Monell) as alleged against Yale and Chief Higgins should be dismissed for failure to state a claim upon which relief can be granted.

## II.   LEGAL STANDARD

"[D]ismissal is appropriate [pursuant to Fed. R. Civ. P. 12(b)(6)] if the plaintiff can prove no set of facts that would entitle him to relief."   Cooper v. Parsky, 140 F.3d 433, 440 (2d. Cir. 1998).  A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is designed "to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 158 (2d Cir. 2003).  When deciding a Rule 12(b)(6) motion to dismiss, a court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide "whether it is plausible" that the plaintiff has a valid claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007).

3

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, and assert a cause of action with enough heft to show entitlement to relief and enough facts to state a claim to relief that is plausible on its face." Bailey v. ESPN, Inc., 2015 U.S. Dist. LEXIS 98593, *2 (D.Conn. Jul. 29, 2015) (Bolden, J.) (internal quotation marks omitted), citing Twombly, 550 U.S. at 555, 570.  A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint must offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." Twombly, 550 U.S. at 555, 557 (2007).

III.   **ARGUMENT**

    A.   **The Seventh Count Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted Because Yale Cannot Be Held Liable To Plaintiff Based On Its Employee's Alleged Violation of 42 U.S.C. § 1983.**

In the Seventh Count of the Amended Complaint, the plaintiff alleges that Yale is liable to her under the common law doctrine of respondeat superior for the damages allegedly caused by Officer Pollock's violation of 42 U.S.C. § 1983.

The doctrine of respondeat superior is inapplicable to cases brought pursuant to 42 U.S.C. §§ 1983. See Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003) ("It is well settled, however, that the doctrine of respondeat superior standing alone does not suffice to impose liability for damages under section 1983 on a defendant acting in a supervisory capacity.")  As will be discussed in greater detail below with regard to the Thirteenth Count (see § III.C, infra), in order to

4

maintain a § 1983 action against a municipal defendant, a plaintiff must identify a municipal "policy or custom" from which the alleged injury arose. <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  <u>See also Bd. of the County Comm'rs v. Brown</u>, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) (holding that a "municipality may not be held liable under § 1983 solely because it employs a tortfeasor"). This principle applies both to governmental and private employers. <u>See</u> <u>Rojas v. Alexander's Dep't Store, Inc.</u>, 924 F.2d 406, 409 (2d Cir. 1990) ("Although <u>Monell</u> dealt with municipal employers, its rationale has been extended to private businesses.").

Because the plaintiff relies solely on a theory of respondeat superior, the Seventh Court must be dismissed for failure to state a claim upon which relief can be granted.  <u>See</u> <u>Wells v. Yale Univ.</u>, 2011 U.S. Dist. LEXIS 82453, *6 (D. Conn. July 28, 2011) (Droney, J.) (dismissing claim against Yale University on the ground that it could not be held liable to plaintiff solely on the theory of respondeat superior for an employee's alleged use of unreasonable force in violation of § 1983).

B.   **The Eighth Count Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted Because Conn. Gen. Stat. § 7-465 Is Not Applicable To Yale As A Private Entity.**

In the Eighth Count of the Amended Complaint, the plaintiff claims that Yale is required by Conn. Gen. Stat. § 7-465(a) to pay her all sums that Officer Pollock is obligated to pay by reason of liability imposed upon Officer Pollock for damages awarded to the plaintiff under the claims asserted in this action.  (Amended Complaint, Eighth Count, ℙ 84.)

Conn. Gen. Stat. § 7-465 provides in relevant part:

5

> **(a)** Any *town, city or borough*, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality … all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as set forth in this section, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty.

Conn. Gen. Stat. § 7-465(a) (emphasis added).

When exercising supplemental jurisdiction, "federal courts are bound to apply state substantive law to the state claim." Mastrio v. Eurest Servs., 2014 U.S. Dist. LEXIS 27050, *18 (D.Conn. March 4, 2014) (Bryant, J.) (internal quotation marks omitted), citing Promisel v. First Am. Artificial Flowers, Inc., 943 F.2d 251, 257 (2d Cir. 191).  Furthermore, when interpreting a statute under Connecticut law, the courts have been instructed by the Connecticut legislature that: "words and phrases shall be construed according to the commonly approved usage of the language…"  Conn. Gen. Stat. §1-1(a).  That this statute is the very first one to appear in the General Statutes only underscores its importance.  The plain language of Conn. Gen. Stat. §7-465(a) makes it clear that it is applicable only to a "town, city or borough."  Those terms cannot possibly be construed to include a private entity.  Yale University, as the plaintiff has admitted, is a "private corporation" (Complaint, ¶ 13), and therefore is not subject to Conn. Gen. Stat. § 7-465(a).

In Jackson-Colon v. Bridgeport Hous. Auth., 2007 Conn. Super. LEXIS 1169, *1-2 (Conn. Super. Ct. May 7, 2007) (Hiller, J.), the court recognized the limited

6

applicability of Conn. Gen. Stat. § 7-465 (a), as well as a second state statute relating to the liability of political subdivisions, noting: "These statutes are clearly limited in scope in that they are applicable only to the types of parties enumerated within them."  Id. at *2.  As such, the court granted the plaintiff's motion to strike the defendant housing authority's special defense seeking indemnification pursuant to Conn. Gen. Stat. § 7-465, on the ground that the defendant did not plead that it was a town, city or borough.  Id.

Simply put, Conn. Gen. Stat. § 7-465 is not applicable to Yale University because Yale is not a "town, city or borough."  The Eighth Count of the Amended Complaint must therefore be dismissed.

### C. The Thirteenth Count, Alleging Municipal Liability Pursuant To Monell, Should Be Dismissed For Failure To State A Claim Upon Which Relief May Be Granted.

In the Thirteenth Count of her Amended Complaint, the plaintiff attempts to allege a claim of municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) against Yale University and Chief Higgins.  This count fails to state a viable Monell claim against either Yale or Chief Higgins, because the plaintiff has not identified a particular policy or custom that was being followed and which directly caused the alleged constitutional deprivation.  The plaintiff also has not alleged sufficient factual allegations to demonstrate deliberate indifference to constitutional deprivations. Finally, the Thirteenth Count does not state a viable § 1983 claim against Chief Higgins, as the plaintiff has failed to sufficiently allege facts to support a claim of his personal

involvement in the subject incident so as to trigger liability for the actions of his subordinate officer.

"Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." <u>Monell</u>, 436 U.S. at 691.  Thus, "to prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury."  <u>Roe v. City of Waterbury</u>, 542 F.3d 31, 36 (2d Cir. 2008).  "A municipality is liable under § 1983 only if it had a 'policy or custom' that caused the plaintiff's injury."  <u>Pal v. Cipolla</u>, 2019 U.S. Dist. LEXIS 112479 (D.Conn. July 8, 2019) (Shea, J.).  <u>See</u> <u>also</u> <u>Salvatierra v. Connolly</u>, 2010 U.S. Dist. LEXIS 137731 (S.D.N.Y. Sept. 1, 2010) (dismissing claim against agencies where plaintiff did not allege that any policy or custom caused the deprivation of his rights).

The fifth element above reflects the notion that "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor."  <u>Bd. of Cnty. Comm'rs v. Brown</u>, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). Rather, there must be a "*direct causal link* between a municipal policy or custom and the alleged constitutional deprivation."  <u>City of Canton v. Harris</u>, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) (emphasis added).  "It is not sufficient to allege conduct attributable to the municipality; the plaintiff must demonstrate that, through its *deliberate* conduct, the municipality was the moving force behind

8

the injury alleged." <u>Miron v. Town of Stratford</u>, 881 F. Supp. 2d 280, 284 (D.Conn. 2012) (Bryant, J.) (emphasis in original; internal quotation marks omitted).

   1. <u>Plaintiff Has Failed Identify a Specific Policy or Custom That Directly Caused The Plaintiff's Alleged Deprivation of Rights.</u>

As an initial matter, the present plaintiff does not allege any facts establishing the existence of a particular policy or custom that was followed by Officer Pollock.  Rather, the plaintiff alleges, in conclusory terms, that Yale and Chief Higgins were deliberately indifferent to her right to not be subjected to unreasonable seizures in that they:

- Allowed a custom to develop whereby officers from Hamden would act unilaterally when engaged in law enforcement in New Haven;

- Failed to establish policies to ensure the proper coordination and supervision of Hamden police officers when Hamden police officers were engaged in proactive law enforcement activities in New Haven;

- Failed to implement a proper training program to ensure coordination with and supervision of Hamden police officers when Hamden police officers were engaged in proactive law enforcement activities in New Haven;

- Failed to adopt policies to define when appropriate to enter New Haven for non-emergency law enforcement activities;

- Failed to ensure that policies were consistently followed regarding when appropriate to enter New Haven for non-emergency law enforcement activities;

- **Failed to establish a proper communications system and protocols to ensure officers from other jurisdictions could easily communicate when engaged in law enforcement activities together; and**

- **Failed to ensure that, if such a communications system exists, it was used consistently.**

**(See Amended Complaint, Thirteenth Count, ¶¶ 83-84.)  In other words, the plaintiff alternatively alleges that that the defendants either: (a) have allowed a policy to exist that led to the subject incident; or (b) failed to establish a policy or procedure that contemplates an event like the subject incident; or (c) failed to ensure that such a policy, if it does exist, was followed consistently by its officers.  (See Amended Complaint, Thirteenth Count, ¶ 83.)  Nowhere in the Thirteenth Count does the plaintiff identify, as is required by law, an official policy or custom established by Yale, the following of which by Officer Pollock directly caused her alleged deprivation of rights so as to implicate Yale pursuant to Monell.  See Harris, 489 U.S. at 385.  See also Garcia v. Rosario, 2010 U.S. Dist. LEXIS 96873, *2-3 (D. Conn. Sept. 15, 2010) (Underhill, J.) ("The city cannot be held liable just because it employs the officers who allegedly violated Garcia's rights… There must be a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation.") (internal quotation marks omitted; citation omitted).**

<strong>2.   <u>Plaintiff Has Failed to Allege Facts Sufficient To Establish Deliberate Indifference.</u></strong>

**Even if a particular policy could be gleaned from the plaintiff's allegations, her Monell claim nonetheless fails in that she has not alleged facts demonstrating that Yale was deliberately indifferent to constitutional deprivations.**

While the <u>Monell</u> requirement of demonstrating a "custom" may be satisfied by alleging and proving a municipality's deliberate indifference to the violation of constitutional rights, the plaintiff here has not alleged sufficient facts to support such a claim.  "<u>Monell's</u> policy or custom requirement is satisfied where a local government is *faced with a pattern of misconduct and does nothing*, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions." <u>Reynolds v. Giuliani</u>, 506 F.3d 183, 192 (2d Cir. 2007) (emphasis added).  "[W]here a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate choice, that acquiescence may be properly thought of as a city policy or custom that is actionable under § 1983." <u>Amnesty Am. v. Town of W. Hartford</u>, 361 F.3d 113, 126 (2d Cir. 2004) (internal quotations omitted). However, deliberate indifference can be shown only "if there is an obvious need for better supervision or training to avoid risks of constitutional violation, but there were no actions taken to address such risks."  <u>Miron</u>, 881 F. Supp. 2d at 285.

Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." <u>Connick v. Thompson</u>, 131 S.Ct. 1350, 1360, 179 L. Ed. 2d 417 (2011) (internal quotation marks omitted).  "To survive a motion to dismiss under this theory, the plaintiff must plead enough facts to show the existence of a pattern of behavior amounting to a custom or practice and that the local government, when faced with the pattern, did nothing in response."  <u>Pal</u>, 2019 U.S. Dist. LEXIS 112479, *13. <u>See</u>

11

**Masciotta v. Clarkstown Cent. Sch. Dist.**, 136 F. Supp. 3d 527, 546 (S.D.N.Y. 2015) (explaining that a plaintiff must allege facts "tending to support, at least circumstantially, an inference that such a municipal policy or custom exists" to survive a motion to dismiss).  "[M]ere allegations of a municipal custom or practice of tolerating official misconduct are insufficient to demonstrate the existence of such a custom *unless supported by factual details.*"  **Triano v. Town of Harrison**, 895 F. Supp. 2d 526, 535 (2012) (emphasis added).  "[A] custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [municipality]."  **Newton v. City of New York**, 566 F. Supp. 2d. 256, 271 (S.D.N.Y. 2008).  **See also Arnold v. Buck**, 2011 U.S. Dist. LEXIS 133237, *5 (D.Conn. November 18, 2011) (Bryant, J.) (dismissing **Monell** claim where complaint described only one incident and no facts supporting an official policy or custom.)

The Amended Complaint in this case is devoid of any factual allegations that demonstrate a pattern of misconduct resulting in unreasonable seizures and that such pattern of misconduct was ignored by Yale.  Indeed, the only factual allegations relating to an allegedly unreasonable seizure are those relating to the April 16, 2019 incident involving the plaintiff.  The courts of the Second Circuit routinely dismiss claims of municipal liability under **Monell** where, as in the present case, the plaintiff has failed to allege facts supporting the existence of an official policy or custom.

For example, this Court dismissed the plaintiff's **Monell** claim in **Beckford v. City of New Haven**, 2011 U.S. Dist. LEXIS 142737 (D. Conn. December 12, 2011), which involved a claim by the plaintiff that an individual police officer, by placing

her in handcuffs, violated her to freedom from unreasonable search, seizure and

detention. Id. at *6. In dismissing the claim against the municipality that was based

on this single incident, this Court reasoned:

> Plaintiff has raised no specific facts to demonstrate that the City of
> New Haven had either actual or constructive notice of systematic
> excessive force violations by New Haven police officers in general or
> other acts of excessive force perpetrated by [the individual officer
> involved in the subject incident]… Nor has Plaintiff alleged particular
> facts indicating that excessive force violations by New Haven police
> officers were obvious and the City of New Haven failed to take any
> steps to address the risk of harm to allow the Court to infer deliberate
> indifference.

Id. at *14-15. This Court reached a similar determination in Maye v. Durkin, 2012

U.S. Dist. LEXIS 89516 (D.Conn. June 28, 2012), involving a Monell claim based on

an individual officer's alleged false arrest of the plaintiff. As in the present case,

the plaintiff in Maye made only conclusory allegations regarding a pattern of

constitutionally offensive acts:

> These allegations are replete with labels and conclusions which
> merely recite the elements of a Monell claim devoid of any factual
> content which would allow the Court to draw the reasonable inference
> that municipal liability should apply. For example, Plaintiff has failed
> to allege any facts indicating that the City of New Haven was aware of
> a pattern of misconduct by the New Haven Police Department
> Narcotics Unit prior to Maye's arrest to demonstrate that the City had
> acquiesced in or tacitly authorized its subordinates' unlawful actions
> to constitute a policy or custom within the meaning of Monell. Plaintiff
> only conclusory alleges that the New Haven Police Department
> Narcotics Unit's misconduct was so pervasive and blatant that the City
> had constructive or actual knowledge.

Id. at *14-15. See also Miron, supra, 881 F. Supp. 2d at 286 (In dismissing Monell

claim, this Court held that the plaintiff's allegations concerning prior conduct, in

attempt to demonstrate that defendant municipality was on notice of need to

provide training to police officers about individual privacy rights, were "vague" and

"conjectural" and failed to satisfy <u>Iqbal's</u> requirement of "particularized fact pleading."  In addition, this Court held that "a single incident on its own, even if sufficiently particularized, is insufficient to allege the existence of an obvious need."

   In <u>Adams v. City of New Haven</u>, 2015 U.S. Dist. LEXIS 46061 (D. Conn. April 8, 2015) (Meyer, J.), a case involving an alleged false arrest and unreasonable use of force, the plaintiff alleged, "[i]n catch-all fashion," that the municipal defendants were "deliberately indifferent when they failed to adopt policies to prevent their officers from violating constitutional rights."  <u>Id.</u> at *16.  The court granted the defendants' <u>Monell</u> claim, reasoning that the complaint failed to "allege any facts indicative of a past pattern of similar misconduct that was ignored by defendants, much less facts suggesting that defendants' indifference was the cause of the officers' abuse of plaintiff at his home."  <u>Id.</u> at *16-17.  <u>See also</u> <u>Pal v. Cipolla</u>, 2019 U.S. Dist. LEXIS 112479, *15 (D.Conn July 8, 2019) (Shea, J.) (dismissing <u>Monell</u> claim because the plaintiff alleged facts concerning only her own interactions with the defendants, and she failed to "allege[] any facts suggesting that similar events happened repeatedly over time or that such events happened to other people. Thus, she has failed to plead a 'widespread' or 'persistent' practice permitted by the municipality. The conduct of one group of officers against one individual on a few occasions is insufficient to establish an unwritten policy or custom.")

   Similarly, in <u>Golodner v. City of New London</u>, 2015 U.S. Dist. LEXIS 41370, *13 (D.Conn. March 31, 2015) (Bryant, J.), this Court held that since the plaintiff failed to allege facts concerning prior acts by police officers of warrantless entry

into residences within the defendant municipality, "the court cannot draw the reasonable inference that there is a pattern of similar unconstitutional acts here." To the same effect is <u>Bradley v. City of New York</u>, 2009 U.S. Dist. LEXIS 51532 (E.D.N.Y. June 18, 2009), where the court held that "[t]he Complaint's conclusory, boilerplate language — that the City 'fail[ed] to adequately [] discipline[] and supervise' employees and 'fail[e]d to promulgate and put into effect appropriate rules and regulations applicable to the duties and behavior' of its employees — is insufficient to raise an inference of the existence of a custom or policy, let alone that such a policy caused Plaintiff to be arrested without probable cause." <u>Id</u>. (citation omitted).

The cases cited above are on all fours with the case at bar.  The present plaintiff's factual allegations fall far short of demonstrating deliberate indifference. The factual allegations in the Amended Complaint are limited to the April 16, 2019 incident in which the plaintiff was involved.  The plaintiff has failed to allege facts related to any other incident in which Yale police officers have allegedly violated the constitutional rights of others such that would compel "the conclusion that [Yale] acquiesced in or tacitly authorized its subordinates' unlawful actions." <u>Reynolds</u>, 506 F.3d at 192.  As such, the plaintiff cannot rely on the alleged deliberate indifference of the defendants to support her claim under <u>Monell</u>.

For the reasons stated, the Thirteenth Count of the Amended Complaint should be dismissed for failure to state a claim upon which relied may be granted.

3.    **The Amended Complaint Fails To State A Claim Against Chief Ronnell Higgins Pursuant To § 1983, Because the Plaintiff Has Not Alleged His Personal Involvement In The Subject Incident.**

Chief Higgins cannot be held personally liable pursuant to § 1983 simply by grouping him with his employer.  In order to make a claim for personal liability, the plaintiff must allege facts sufficient to establish personal involvement by Chief Higgins in the alleged violation of her rights.  See Hayut v. State University of New York, 352 F.3d 733, 756 (2d Cir. 2003).  The absence of a supervisory defendant's personal involvement is fatal to a claim of liability under § 1983.  See Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065–66 (2d Cir. 1989).

Even assuming the existence of an underlying constitutional violation, "personal involvement" sufficient to establish supervisory liability for a violation under § 1983 can only be proven in one of four ways: (1) direct participation in the wrongdoing; (2) failure to remedy ongoing wrongdoing after notification of a violation; (3) institution or continuance of an unconstitutional policy or custom; and, (4) gross negligence in the management of subordinates responsible for the constitutional deprivation.  Williams v. Smith, 781 F.2d 319, 323–24 (2d Cir. 1986). The present plaintiff's failure to allege any of those four circumstances is fatal to her claim against Chief Higgins. The plaintiff must "allege a tangible connection between the acts of the defendants and the injuries suffered."  Bass v. Jackson, 790 F.2d 260, 263 (2d. Cir. 1986).  The mere fact that a defendant is a high-ranking official is insufficient to demonstrate his liability under § 1983.  See Colon v. Coughlin, 58 F.3d 865, 874 (2d Cir. 1995).

16

Here, the plaintiff has alleged <u>no</u> facts to establish that Chief Higgins was personally present during, or otherwise involved in, the April 16, 2019 incident from which the plaintiff's claims arise. Nor has she alleged any facts—relying instead on conclusory allegations about generalized training failures and theoretical policies—through which she can demonstrate that Chief Higgins was on notice, prior to April 16, 2019, of unconstitutional behavior of the type she attributes to Officer Pollock on April 16, 2019.  Additionally, the plaintiff has not alleged that Chief Higgins instituted an unconstitutional policy; in fact, she acknowledges that the Cross-Policing Agreement and the Operational Guidelines were authorized by state statute.  (Amended Complaint, ¶ 26.)   Finally, she has not alleged any facts sufficient to establish "gross negligence" with respect to the training or supervision of Officer Pollock—indeed, the plaintiff has alleged no facts regarding the training provided to Officer Pollock; and the complaint is devoid of any allegation concerning the conduct of Officer Pollock at any time other than the incident in question. Thus, the Thirteenth Count cannot be characterized as stating a "plausible claim" for supervisory liability against Chief Higgins pursuant to § 1983.  Accordingly, the Thirteenth Count of the complaint should be dismissed.

IV.    <u>CONCLUSION</u>

For the reasons stated above, the Seventh, Eighth and Thirteenth Counts of the plaintiff's August 6, 2020 Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**THE DEFENDANTS,**
**YALE UNIVERSITY, RONNELL HIGGINS, and**
**TERRANCE POLLOCK**

By:               /s/
       **PATRICK M. NOONAN – CT00189**
       **MATTHEW H. GEELAN – CT26934**
       **DONAHUE, DURHAM & NOONAN, P.C.**
       **Concept Park**
       **741 Boston Post Road, Suite 306**
       **Guilford, CT  06437**
       **Telephone:  (203) 458-9168**
       **Fax:      (203) 458-4424**
       **Email:    pnoonan@ddnctlaw.com**

## CERTIFICATION

      **I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.**

                 /s/
               **Patrick M. Noonan**