UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **STEPHANIE WASHINGTON** | ) | **CIVIL ACTION NO.:** |
| *-Plaintiff-* | ) | |
| | ) | |
| **V.** | ) | **3:20-cv-01111 (VLB)** |
| | ) | |
| **DEVIN EATON, TERRANCE** | ) | |
| **POLLOCK, AZIZ ABDULLATTF,** | ) | |
| **CURT B. LENG, JOHN SULLIVAN,** | ) | |
| **TOWN OF HAMDEN, TOWN OF** | ) | |
| **HAMDEN POLICE DEPARTMENT,** | ) | |
| **RONNELL HIGGINS, YALE** | ) | |
| **UNIVERSITY, JUSTIN ELICKER,** | ) | |
| **OTONIEL REYES, CITY OF NEW** | ) | |
| **HAVEN, NEW HAVEN POLICE** | ) | |
| **DEPARTMENT, and T&S** | ) | |
| **UNITED, LLC** | ) | |
| *-Defendants-* | ) | **OCTOBER 7, 2020** |

## OBJECTION TO DOC. #47, REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS

**Rule 7(d) of the Local Rules of Civil Procedure states:**

**(d) Reply Briefs**

Reply briefs are not required and the absence of a reply brief will not prejudice the moving party. Any reply brief must be filed within fourteen (14) days of the filing of the responsive brief to which reply is being made, as computed under Fed. R. Civ. P. 6. A reply brief may not exceed 10 pages, must be strictly confined to a discussion of matters raised by the responsive brief and must contain references to the pages of the responsive brief to which reply is being made.

The reply brief filed by the defendants, Town of Hamden, Hamden Police Department, Chief John Sullivan, and Mayor Curt B. Leng, violate this rule in the following ways: (1) the reply brief exceeds 10 pages; and (2) the reply brief is not

strictly confined to a discussion of matters raised by the plaintiff's memorandum in opposition to the motion to dismiss. Specifically, at p. 9 of their reply brief, defendants state:

> the claims against defendants Sullivan and Leng, in their official capacities, should be dismissed, because "a § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself." Coon v. Town of Springfield, Vt., 404 F.3d 683, 687 (2d Cir. 2005); citing Brandon v. Holt, 469 U.S. 464, 471–73 (1985).  For this reason alone, plaintiffs cannot proceed on their claim against defendants Sullivan and Leng in their official capacities, and they should be dismissed as party defendants.

This issue discussed in greater detail in defendants' reply brief at pp. 9-11, was never raised by the defendants in their motion to dismiss or memorandum in support. Instead, defendants waited until now to raise it for the first time as an additional basis for dismissal of the claims against defendants Sullivan and Leng. Defendants attempt to justify their disregard of the rules governing reply briefs by asserting at p. 2 that plaintiff "clarifies that these [individual] defendants are being sued in their official capacities, not individual." Yet, the fact that these individuals were sued in their official capacities required no clarification. It is expressly stated in the Amended Complaint at p. 3, n. 3 & n. 4.

Defendants also argue for the first time that the plaintiff has alleged negligence claims (reply brief at pp. 7-8) notwithstanding the allegations and reasonable inferences in the complaint to the contrary. This issue also could

have been raised in the original motion to dismiss so that the plaintiff could properly respond, instead of foreclosing that ability by raising it now.

The defendants should not be rewarded for disregarding the rule governing reply briefs and prejudicing the plaintiff by raising new issues now. Alternatively, if the Court is going to consider this submission notwithstanding defendants' failure to abide by Rule 7(d) of the Local Rules of Civil Procedure, the plaintiff respectfully requests a full and fair opportunity to respond to these new issues.

THE PLAINTIFF,

BY:    /s/ John-Henry M. Steele (ct10187)
John-Henry M. Steele, Esq.
DEY SMITH STEELE, LLC
9 Depot Street, 2nd Floor
Milford, CT 06460
Tel.: (203) 882-3351
Fax: (203) 882-3359
E-mail: jhs@deysmith.com

## CERTIFICATION

I hereby certify that on October 7, 2020, a copy of the foregoing was filed electronically and served by U.S. Mail, postage prepaid, on anyone unable to access, use or accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ John-Henry M. Steele (ct10187)

3