## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **STEPHANIE WASHINGTON** | : | **CIVIL ACTION NO.** |
| | : | |
| **PLAINTIFF** | : | **3:20-cv-01111(VLB)** |
| | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DEVIN EATON, TERRANCE POLLOCK,** | : | |
| **AZIZ ABDULLATTF, CURT B. LENG,** | : | |
| **JOHN SULLIVAN, TOWN OF HAMDEN,** | : | |
| **TOWN OF HAMDEN POLICE DEPARTMENT,** | : | |
| **RONNELL HIGGINS, YALE UNIVERSITY,** | : | |
| **YALE UNIVERSITY POLICE DEPARTMENT,** | : | |
| **JUSTIN ELICKER, OTONIEL REYES,** | : | |
| **CITY OF NEW HAVEN, NEW HAVEN** | : | |
| **POLICE DEPARTMENT, and T&S UNITED** | : | |
| **LLC.** | : | **OCTOBER 12, 2020** |
| **DEFENDANTS** | : | |
| | : | |

### REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS

The defendants, Yale University ("Yale"), Ronnell Higgins ("Chief Higgins"), and Terrance Pollock ("Officer Pollock"), hereby submit this reply memorandum in further support of their September 9, 2020 Motion to Dismiss the Seventh, Eighth and Thirteenth Counts of the plaintiff's Amended Complaint (Docket No. 38).

I.    **The Plaintiff's *Monell* Claim Should Be Dismissed Because She Has Failed To Allege Facts Demonstrating Deliberate Indifference To A Violation of Constitutional Rights.**

The defendants have moved to dismiss the plaintiff's claim of municipal liability under <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), alleged in the Thirteenth Count, on the ground that the Amended Complaint fails to identify a particular policy or custom that directly caused the

alleged constitutional deprivation and, further, that the Amended Complaint fails to allege facts sufficient to establish a deliberate indifference to the violation of constitutional rights.

In her September 28, 2020 Objection, the plaintiff clarifies that her <u>Monell</u> claim is based on a theory of deliberate indifference.  (<u>See</u> Docket # 44, pp. 4-5.) Specifically, the plaintiff claims that the Yale defendants were deliberately indifferent towards Hamden Police Department ("HPD") officers acting unilaterally when engaged in law enforcement activities in New Haven. (Docket # 44, pp. 7-8.)[1] In her attempt to survive the present Motion to Dismiss, the plaintiff conflates the pleading requirements for a claim of deliberate indifference with a tort law causation standard.  Contrary to the plaintiff's arguments, whether a claim of deliberate indifference has been properly alleged under <u>Monell</u> does not involve a "but for" analysis.

"<u>Monell's</u> policy or custom requirement is satisfied where a local government is faced with a *pattern of misconduct* and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions."  <u>Reynolds v. Giuliani</u>, 506 F.3d 183, 192 (2d Cir. 2007) (emphasis added).  "[W]here a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the

---

[1] The plaintiff states that, had the defendants "not been so lax in the manner in which they allowed police officers from the Town of Hamden to enter into New Haven to engage in cross-policing activities … Defendant Pollock would not have taken such a laissez-faire approach to the presence of the shooter here, Officer Eaton, unilaterally engaging in police enforcement activity in the City of New Haven."  (Document 44, p. 9.)

official's inaction constitutes a deliberate choice, that acquiescence may be properly thought of as a city policy or custom that is actionable under § 1983." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004) (internal quotations omitted).  Deliberate indifference can be shown only "if there is an obvious need for better supervision or training to avoid risks of constitutional violation, but there were no actions taken to address such risks."  Miron v. Town of Stratford, 881 F. Supp. 2d 280, 285 (D.Conn. 2012) (Bryant, J.).

"To survive a motion to dismiss under this theory, the plaintiff must plead facts demonstrating the existence of *a pattern of behavior* amounting to a custom or practice and that the local government, when faced with the pattern, did nothing in response."  Pal v. Cipolla, 2019 U.S. Dist. LEXIS 112479, *13 (D.Conn. July 8, 2019) (Shea, J.) (emphasis supplied).  To support a pattern of behavior, a plaintiff must allege facts concerning other alleged constitutional deprivations, and not merely those facts out of which her own claim arises.  Jones v. Town of East Haven, 493 F. Supp. 2d 302, 330 (2007) ("In situations where the only incident relied upon by the plaintiff is that out of which the plaintiff's claim arises, it is generally the case that such an incident is not sufficient to impose liability under Monell.").  See also Villante v. Dept. of Corrections of City of New York, et al., 786 F.2d 516, 519 (2d Cir. 1986) ("an isolated act of excessive force by a single nonpolicymaking municipal employee, standing alone, is insufficient. . .").

In the present case, the plaintiff has failed to allege any facts establishing  a pattern of conduct.  The factual allegations in the Amended Complaint are limited to the April 16, 2019 incident in which the plaintiff was involved; there are no facts

alleged concerning incidents in which Officer Pollock, or even other Yale police officers, have allegedly violated the constitutional rights of others in a similar fashion.   The plaintiff unconvincingly attempts to mask this shortcoming by instead arguing that the plaintiff's injuries were foreseeable.   However, there is simply no legal basis for this argument.   Indeed, the cases cited by the plaintiff – Kerman v. City of New York, 374 F.3d 93 (2d Cir. 2004) and Warner v. Orange County Dept. of Probation, 115 F.3d 1068 (2d Cir 1996) – do not even involve claims of deliberate indifference.[2]   Foreseeability is not a substitute for pleading necessary factual allegations of previous occurrences of similar misconduct that were ignored by defendants and that such indifference led to the plaintiff's alleged injuries.   Because the only facts relied upon by the plaintiff to establish an allegedly unlawful policy by the defendants are those facts out of which her own claims arise, her Monell claims fail and must be dismissed.

Apparently recognizing that her foreseeability argument is an insufficient basis for pursuing her Monell claims, the plaintiff also makes a cursory argument to the effect that the allegations in the Amended Complaint "necessarily imply" that she is not complaining of an isolated event.   (See Document 44, pp. 12-13.) However, the implications that may be drawn from the plaintiff's generalized allegations do not amount to the pleading of facts, which is  required to support a claim of deliberate indifference.  A claim has "facial plausibility" only if "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that

---

[2] Not only does Kerman not address deliberate indifference, it also does not involve a Monell claim.

the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (emphasis added).  A complaint must offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The Supreme Court has also cautioned, in the context of <u>Monell</u> claims, that "deliberate indifference" is "a stringent standard of fault," <u>Connick v. Thompson</u>, 131 S.Ct. 1350, 1360 (2011) (<u>quoting</u> <u>Board of Cty. Comm'rs v. Brown</u>, 520 U.S. at 410, 117 S. Ct. 1382 (1997)), and necessarily depends on a careful assessment of the facts at issue in a particular case.  Because the plaintiff has not alleged any *facts* concerning other incidents, it is impossible to infer a pattern of conduct, and the plaintiff's deliberate indifference claim does not have "facial plausibility".  <u>Iqbal</u>, 556 U.S. at 678.

The plaintiff also seems to rely on the Cross-Policing Agreement itself as the policy which caused her injuries through its enforcement, in conjunction with the "policies, procedures, practices and customs" she believes should have been created.  This argument is unavailing. Cross-Policing Agreements are statutorily authorized by Conn. Gen. Stat. § 7-277a.  Accordingly, to the extent that the plaintiff attempts to characterize the Cross-Policing Agreement as an "unlawful policy," without more, she cannot succeed.[3]

---

[3] Conn. Gen. Stat. § 7-277a provides, in pertinent part: "The chief executive officer of any municipality, or such chief executive officer's designee may, whenever he or she determines it to be necessary in order to protect the safety or well-being of the municipality, request the chief executive officer of any other municipality to furnish such police assistance as is necessary to meet such situation and the chief

Since the plaintiff has failed to properly allege a <u>Monell</u> municipal liability claim against the Yale defendants, the Thirteenth Count of the Amended Complaint must be dismissed.

II.   <u>The Plaintiff's *Monell* Claim Must Be Dismissed As To Chief Higgins.</u>

With respect to the plaintiff's <u>Monell</u> claim as it relates to Chief Ronnell Higgins, the plaintiff states in her Objection that the "allegations here do not attempt to assign supervisory liability against Chief Higgins in his individual capacity.   Rather, the plaintiff's claims are against Chief Higgins in his official capacity, because of the policies and customs which he and/or his predecessors-in-interest create[d] under the auspices of the Cross-Policing Agreement…" (Docket # 44, p. 15.)   Because the plaintiff fails to identify a particular policy or custom that directly caused the alleged constitutional deprivation and, further, because the Amended Complaint fails to allege sufficient facts to establish a deliberate indifference to the violation of constitutional rights, as discussed above (<u>see</u> § I, infra), the Thirteenth Count must also be dismissed as to Chief Higgins.

---

executive officer, or chief of police or board of police commissioners or other duly constituted authority with the approval of the chief executive officer of the municipality receiving such request may, notwithstanding any other provision or requirement of state or local law, assign and make available for duty in such other municipality, under the direction and command of an officer designated for the purpose, such part of the police forces under his or her control as he or she deems consistent with the safety and well-being of the municipality. Any policeman so provided, while acting in response to such request, shall have the same powers, duties, privileges and immunities as are conferred on the policemen of the municipality requesting assistance. . . . Any municipality, upon the approval of the chief executive officer and, where required by charter or ordinance, the governing body of such municipality, may enter into an agreement with any other municipality or municipalities, with respect to requesting and supplying such assistance and reimbursing or receiving reimbursement for the same."

To put it another way, because the plaintiff's <u>Monell</u> claim fails as to Yale, it also must fail as to Chief Higgins in his official capacity.   See <u>Coon v. Town of Springfield, Vt.</u>, 404 F.3d 683, 687 (2d Cir. 2005) ("a § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself.")

Since the plaintiff has now clarified that she is not attempting to sue Chief Higgins in his personal capacity and since the complaint fails to state a claim as to Chief Higgins in his official capacity, Count Thirteen must be dismissed.

III.   <u>Binding Supreme Court and Second Circuit Precedent Establishes That Yale Cannot Be Held Liable To Plaintiff Based On Its Employee's Alleged Violation of 42 U.S.C. § 1983.</u>

The Seventh Count of the Amended Complaint alleges that Yale is liable under the common law doctrine of respondeat superior for the damages allegedly caused by Officer Pollock's violation of 42 U.S.C. § 1983.  It is well established, pursuant to Supreme Court precedent, that a "municipality may not be held liable under § 1983 solely because it employs a tortfeasor."  <u>Bd. of the County Comm'rs v. Brown</u>, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997).  The Second Circuit has also unambiguously held that this rule is applicable even in situations where, as here, the defendant is a private employer and not a municipality.  "Private employers are not liable under § 1983 for the constitutional torts of their employees … unless the plaintiff proves that action pursuant to official . . . *policy* of some nature caused a constitutional tort."  <u>See</u> <u>Rojas v. Alexander's Dep't Store, Inc.</u>, 924 F.2d 406, 408-409 (2d Cir. 1990) (where jury determined that employee lacked probable cause to arrest plaintiff for shoplifting, judgment in favor of defendant private employer was nonetheless affirmed because this finding was "insufficient

to warrant a judgment against [the private employer] because the jury found that [the private employer] did not have a policy of arresting Hispanic shoplifting suspects on less than probable cause") (citations omitted; emphasis in original; internal quotation marks omitted).

In her Objection, the plaintiff argues that this Court should simply disregard this binding Second Circuit authority, and instead follow a decision rendered by the Seventh Circuit Court of Appeals. (Docket # 44, p. 20.) As this Court has recognized, "it is axiomatic that a district court is bound to follow controlling Second Circuit precedent unless that precedent is overruled or reversed." **Spears v. Liberty Life Assur. Co.**, 885 F. Supp. 2d 546, 556 (2012) (Bryant, J.) (internal quotation marks omitted). The Second Circuit decision has not been either overruled or reversed and it must therefore be followed here. **See Allah v. City of New York**, 2018 U.S. Dist. LEXIS 232869, *69 (E.D.N.Y. Sept. 28, 2018) ("This Court is bound by Second Circuit precedent, and **Rojas** remains good law. Unless the Second Circuit reverses course, respondeat superior provides no basis to hold a private entity liable in a § 1983 proceeding.") The Seventh Count therefore must be dismissed for failure to state a claim upon which relief can be granted.

**IV.** **Pursuant To The Plain Language Of Conn. Gen. Stat. § 7-465, That Statute is Not Applicable To Yale As A Private Entity.**

In the Eighth Count of the Amended Complaint, the plaintiff claims that Yale is required by Conn. Gen. Stat. § 7-465(a) to pay her all sums which Officer Pollock is obligated to pay due to his actions. (Amended Complaint, Eighth Count, ⁋ 84.) In her Objection, the plaintiff argues that Conn. Gen. Stat. § 7-465 is applicable to Yale, because Yale's police officers have the same powers as New Haven police

8

officers.  This argument completely ignores the plain and unambiguous language of the statute, which states that it is applicable <u>only</u> to a "town, city or borough…" Conn. Gen. Stat. § 7-465(a).   These words, when construed, as they must be, according to their "commonly approved usage," <u>See</u> Conn. Gen. Stat. §1-1(a), cannot be read to extend to private entities performing municipal police functions. If the legislature had intended Conn. Gen. Stat. § 7-465(a) to be applied to private entities performing a police function, it could easily have written the statute to say as much.  Furthermore, the plaintiff has cited no case law, state or federal, where Conn. Gen. Stat. § 7-465(a) has been extended to reach a non-municipal police department.

Since Conn. Gen. Stat. § 7-465 does not provide plaintiff with a basis for recovery against Yale, the Eighth Count of the Amended Complaint must be dismissed.

<u>CONCLUSION</u>

For the reasons stated above, as well as for those reasons advanced in the defendants' opening brief, the Seventh, Eighth and Thirteenth Counts of the plaintiff's August 6, 2020 Amended Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

THE DEFENDANTS,
YALE UNIVERSITY, RONNELL HIGGINS, and
TERRANCE POLLOCK
By:_____/s/_____
PATRICK M. NOONAN – CT00189
MATTHEW H. GEELAN – CT26934
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park

9

**741 Boston Post Road, Suite 306**
**Guilford, CT  06437**
**Telephone:  (203) 458-9168**
**Fax:          (203) 458-4424**
**Email:        pnoonan@ddnctlaw.com**

## CERTIFICATION

  I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____
**Patrick M. Noonan**