UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHANIE WASHINGTON | : | CIVIL ACTION NO. 3:20-cv-01111 (VLB) |
| *Plaintiff* | : | |
| v. | : | |
| DEVIN EATON, TERRANCE POLLOCK, AZIZ ABDULLATTF, CURT B. LENG, JOHN SULLIVAN, TOWN OF HAMDEN, TOWN OF HAMDEN POLICE DEPARTMENT, RONNELL HIGGINS, YALE UNIVERSITY, YALE UNIVERSITY POLICE DEPARTMENT, JUSTIN ELICKER, OTONIEL REYES, CITY OF NEW HAVEN, NEW HAVEN POLICE DEPARTMENT, and T&S UNITED | : : : : : : | |
| *Defendants* | : | OCTOBER 1, 2021 |

**ANSWER AND AFFIRMATIVE DEFENSES BY DEVIN EATON**

**FIRST COUNT**

1. Admitted.

2. Admitted.

3. Admitted.

4. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

1

5. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

6. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

7. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

14. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

15. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

16. Admitted.

**Hassett & George, P.C.**   945 Hopmeadow Street, Simsbury, CT  06070
(860) 651-1333  Fax (860) 651-1888  Juris No. 407894

17. Denied.

18. Admitted.

19. Admitted.

20. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

21. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

22. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

23. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

24. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

25. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

26. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

27. This Defendant lacks the requisite knowledge to admit or deny the allegation and

**Hassett & George, P.C.**   945 Hopmeadow Street, Simsbury, CT  06070
(860) 651-1333  Fax (860) 651-1888  Juris No. 407894

leaves the Plaintiff to her proof.

28. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

29. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

30. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

31. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

32. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

33. Admitted.

34. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

35. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

36. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

4
**Hassett & George, P.C.**   945 Hopmeadow Street, Simsbury, CT  06070
(860) 651-1333  Fax (860) 651-1888  Juris No. 407894

37. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Denied.

43. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

44. This Defendant lacks the requisite knowledge as to whether Defendant Abdullatif was on the line with dispatch or that dispatch was attempting to confirm information but admits the remainder of the allegation.

45. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

46. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

47. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

5
**Hassett & George, P.C.**   945 Hopmeadow Street, Simsbury, CT  06070
(860) 651-1333  Fax (860) 651-1888  Juris No. 407894

48. This Defendant admits the broadcast took place but denies that the information was false.

49. Admitted.

50. This Defendant admits the broadcast took place but denies that the information was false.

51. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

52. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted.

57. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

58. This Defendant does not know why the red Honda Civic stopped but admits the other allegations of the paragraph.

59. This Defendant admits he opened his police cruiser door and got out, unholstered his

**Hassett & George, P.C.**   945 Hopmeadow Street, Simsbury, CT  06070
(860) 651-1333  Fax (860) 651-1888  Juris No. 407894

pistol and ordered Mr. Witherspoon to exit his vehicle and to show his hands but denies any allegation that his actions were wrongful.

60. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

61. It is admitted that this defendant knew there was a passenger in the car but he denies any characterization of his actions.

62. Denied.

63. The Defendant admits body camera footage shows that he states he ordered Mr. Witherspoon to exit his vehicle, that he did not order Mr. Witherspoon to remain in the vehicle or get back in the vehicle, and that in a later statement said the door unexpectedly swung open but denies any characterizations of his actions or statements made by the Plaintiff.

64. Admitted that Mr. Witherspoon opened the car door, but this Defendant is unaware of why he did so or what actions he intended and leaves the Plaintiff to her proof.

65. This Defendant denies the Plaintiff's characterization of the body camera footage.

66. This Defendant admits he fired his service weapon but denies the Plaintiff's characterization of the act and any legal conclusions drawn therefrom.

67. Admitted.

68. Admitted.

69. Denied.

70. This Defendant admits that he fired at the red Honda Civic but denies the Plaintiff's characterization of the acts.

71. This Defendant denies any allegation of wrongful conduct but as to Officer Pollock's actions lacks the requisite knowledge and leaves the Plaintiff to her proof.

72. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

73. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

74. This Defendant denies any allegation of wrongful conduct but as to Officer Pollock's actions lacks the requisite knowledge and leaves the Plaintiff to her proof.

75. It is admitted that the Defendant believed that he was being shot at by Mr. Witherspoon, but the Defendant makes no reply to the legal conclusions in this paragraph.

76. Denied.

77. This Defendant lacks the requisite knowledge to admit or deny the allegation and leaves the Plaintiff to her proof.

78. This Defendant admits to firing 13 rounds of ammunition but denies that eight were

"directed" at the passenger seat.

79. This Defendant admits that the Plaintiff was struck by gunfire but denies any wrongful conduct and has insufficient knowledge to confirm or deny specific injuries and leaves the Plaintiff to her proof.

80. Denied.

**SECOND COUNT**

1-79   The answers to paragraphs 1-79 of the first count are hereby incorporated as the answers to paragraphs 1-79 of this count as if more fully set forth.

80. Denied.

**THIRD COUNT**- As this Count is not directed at his Defendant, no answer is made to it.

**FOURTH COUNT**- As this Count is not directed at his Defendant, no answer is made to it.

**FIFTH COUNT**- As this Count is not directed at his Defendant, no answer is made to it.

**SIXTH COUNT**- As this Count is not directed at his Defendant, no answer is made to it.

**SEVENTH COUNT**- As this Count is not directed at his Defendant, no answer is made to it.

**EIGHTH COUNT**- As this Count is not directed at his Defendant, no answer is made to it.

**NINTH COUNT-** As this Count is not directed at his Defendant, no answer is made to it.

**TENTH COUNT**- As this Count is not directed at his Defendant, no answer is made to it.

**ELEVENTH COUNT**- As this Count is not directed at his Defendant, no answer is made to

**Hassett & George, P.C.**   945 Hopmeadow Street, Simsbury, CT  06070
(860) 651-1333  Fax (860) 651-1888  Juris No. 407894

it.

**TWELFTH COUNT**- As this Count is not directed at his Defendant, no answer is made to it.

**THIRTEENTH COUNT**- As this Count is not directed at his Defendant, no answer is made to it.

**FOURTEENTH COUNT**- As this Count is not directed at his Defendant, no answer is made to it.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE:**

Plaintiff's complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

The actions and conduct of the defendant, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which defendant was aware, and he enjoys qualified immunity from all liability therefor.

**THIRD AFFIRMATIVE DEFENSE:**

The actions and conduct of the defendant did not violate any clearly established constitutional or Federal statutory rights of which the defendant reasonably should have been aware, and he is therefore entitled to qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE:**

Plaintiff's claims are barred by the doctrine of governmental immunity.

**FIFTH AFFIRMATIVE DEFENSE:**

The actions and conduct of the defendant, to the extent they occurred as alleged, were undertaken in the good-faith performance of official duties, without malice, and were therefore privileged under the applicable state law.

**JURY DEMAND**

The undersigned defendant, DEVIN EATON, demands a trial by jury.

THE DEFENDANT,
By:/s/ ct26912
David C. Yale
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
(860) 651-1333
dyale@hgesq.com
Juris No. 407894

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHANIE WASHINGTON | : | CIVIL ACTION NO. 3:20-cv-01111 (VLB) |
| *Plaintiff* | : | |
| v. | : | |
| DEVIN EATON, TERRANCE POLLOCK, AZIZ ABDULLATTF, CURT B. LENG, JOHN SULLIVAN, TOWN OF HAMDEN, TOWN OF HAMDEN POLICE DEPARTMENT, RONNELL HIGGINS, YALE UNIVERSITY, YALE UNIVERSITY POLICE DEPARTMENT, JUSTIN ELICKER, OTONIEL REYES, CITY OF NEW HAVEN, NEW HAVEN POLICE DEPARTMENT, and T&S UNITED | : | |
| *Defendants* | : | October 1, 2021 |

## **CERTIFICATION**

    I hereby certify that, on the above-written date, a copy of the foregoing ANSWER AND SPECIAL DEFENSES BY DEVIN EATON was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                                                  THE DEFENDANT,
                                                                                                  By:/s/ ct26912
                                                                                                  David C. Yale
                                                                                                  Hassett & George, P.C.

945 Hopmeadow Street
Simsbury, CT 06070
(860) 651-1333
dyale@hgesq.com
Juris No. 407894