UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHANIE WASHINGTON | : | CIVIL ACTION NO. 3:20-cv-01111 |
| PLAINTIFF | : | |
| v. | : | |
| DEVIN EATON, TERRANCE POLLOCK, AZIZ ABDULLATTF, TOWN OF HAMDEN, YALE UNIVERSITY and T&S UNITED, LLC | : | |
| DEFENDANTS | : | OCTOBER 6, 2021 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
TERRANCE POLLOCK AND YALE UNIVERSITY**

Defendants Terrance Pollock and Yale University hereby respond to Plaintiff's Amended Complaint dated August 6, 2020 as follows:

**ANSWER**

**FIRST COUNT (Negligence v. Defendant Eaton)**

The undersigned defendants do not answer the First Count inasmuch as the same is not directed against them.

**SECOND COUNT (42 U.S.C. § 1983 v. Defendant Eaton)**

The undersigned defendants do not answer the Second Count inasmuch as the same is not directed against them.

**THIRD COUNT** **(C.G.S. § 7-465 Indemnity v. Defendant Hamden)**

The undersigned defendants do not answer the Third Count inasmuch as the same is not directed against them.

**FOURTH COUNT** **(Negligence v. Defendant Pollock)**

1-3.   As to Paragraphs 1-3, Defendant Pollock does not have knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves the plaintiff to her proof (hereinafter "plaintiff is left to her proof").

4.   Paragraph 4 is admitted.

5 – 6.   The allegations contained in Paragraphs 5 and 6 are denied, except that it is admitted that Officer Pollock was acting within the scope of his employment with Yale University at the time of the alleged event.

7-11.   As to Paragraphs 7-11, the plaintiff is left to her proof.

12-15.   Paragraphs 12-15 are admitted.

16-18.   Paragraphs 16-18 are admitted.

19-20.   As to Paragraphs 19-20, the plaintiff is left to her proof.

21-25.   As to Paragraphs 21-25, the defendant refers to the Cross-Policing Agreement for the contents thereof.

26.   Paragraph 26 is denied.

27-29   As to Paragraphs 27-29, the defendant refers to the Cross-Policing Agreement for the contents thereof.

30-47. As to Paragraphs 30-47, the plaintiff is left to her proof.

48-50. As to Paragraphs 48-50, defendant admits that Yale's Dispatch appropriately notified their officers of the information broadcasted by New Haven Police Department Dispatch. This defendant lacks knowledge or information sufficient to form a belief as to whether any information supplied by the New Haven Police Department was "false."

51. Paragraph 51 is admitted.

52. It is admitted that at approximately 4:27am, Yale's Dispatch notified their officers of the information broadcasted by New Haven Police Department Dispatch. As to the remaining allegations of Paragraph 52, the plaintiff is left to her proof.

53. The allegations contained in paragraph 53 are denied, except that it is admitted that, prior to the incident in question, Officer Pollock was in his cruiser and was stopped on the right shoulder on the northbound side of Dixwell Avenue, near the intersection with Argyle Street.

54-55. As to Paragraphs 54-55, the plaintiff is left to her proof.

56. It is admitted that, after having stopped on Dixwell Avenue for a period of time, Officer Pollock turned onto Argyle Street.

57-58. Paragraphs 57-58 are admitted.

59-60. The allegations contained in paragraphs 59-61 are denied as to this defendant, except that it is admitted that Officer Pollock observed a Hamden Police Officer get out of his cruiser and unholster his weapon, and at that time understood that the Hamden Police Officer was engaged in law enforcement activities.

61-65. As to Paragraphs 61-65, the plaintiff is left to her proof.

66. As to Paragraph 66, the plaintiff is left to her proof, except to deny the allegations that this defendant was negligent and caused plaintiff's alleged injuries.

67. As to Paragraph 67, the plaintiff is left to her proof.

68. The allegations contained in Paragraph 68 are admitted.

69-70. As to Paragraphs 69-70, the plaintiff is left to her proof.

71. The allegations of paragraph 71 are denied as to this defendant. As to the remaining allegations of Paragraph 71, the plaintiff is left to her proof.

72. As to Paragraph 72, the plaintiff is left to her proof.

73. Paragraph 73 is denied.

74. It is denied that Officer Pollock engaged in wrongful conduct or caused any actionable harm to the plaintiff. As to the remaining allegations of Paragraph 74, the plaintiff is left to her proof.

75. Paragraph 75 is denied.

76. As to Paragraph 76, the plaintiff is left to her proof.

77. Paragraph 77 is denied.

78. As to Paragraph 78, the plaintiff is left to her proof.

79. The allegations contained in Paragraph 79 are denied as to this defendant.

80. Paragraph 80 is denied.

**FIFTH COUNT (42 U.S.C. § 1983 v. Defendant Pollock)**

1-79.   The defendant hereby incorporates by reference his answers to Paragraphs 1 through 79 of the Fourth Count.

80.   Paragraph 80 is denied.

**SIXTH COUNT (Respondeat Superior v. Defendant Yale)**

1-80.   The defendant hereby incorporates by reference the answers to Paragraphs 1 through 80 of the Fourth Count.

81.   Paragraph 81 is admitted.

82.   Paragraph 82 is denied.

**SEVENTH COUNT (Respondeat Superior v. Defendant Yale)**

This Count has been dismissed pursuant to the Court's August 2, 20212 Order.

**EIGHTH COUNT (C.G.S. § 7-465 Indemnity v. Defendant Yale)**

This Count has been dismissed pursuant to the Court's August 2, 20212 Order.

**NINTH COUNT (C.G.S. § 7-465 Indemnity v. Defendant New Haven)**

The undersigned defendants do not answer the Ninth Count inasmuch as the same is not directed against them.

**TENTH COUNT (False Report v. Defendant Abdullattf)**

The undersigned defendants do not answer the Tenth Count inasmuch as the same is not directed against them.

**ELEVENTH COUNT (Respondeat Superior v. the LLC-Defendant)**

The undersigned defendants do not answer the Eleventh Count inasmuch as the same

is not directed against them.

**TWELFTH COUNT (Monell Claim v. Defendants Leng, Sullivan, Hamden and HPD)**

The undersigned defendants do not answer the Twelfth Count inasmuch as the same is not directed against them.

**THIRTEENTH COUNT (Monell Claim v. Defendants Yale and Higgins)**

This Count has been dismissed pursuant to the Court's August 2, 20212 Order.

**FOURTEENTH COUNT (Monell Claim v. Defendants Elicker, Reyes, New Haven and NHPD)**

The undersigned defendants do not answer the Fourteenth Count inasmuch as the same is not directed against them.

## AFFIRMATIVE DEFENSES

1. Officer Pollock is immune from liability in that at all relevant times he was a police officer performing acts requiring the exercise of judgment or discretion and the alleged conduct was carried out in good faith, without malice, and in the discretionary performance of his duties, pursuant to Conn. Gen. Stat. 52-557n.

2. Both of the undersigned defendants deny any allegation that Officer Pollock's actions constituted criminal conduct, fraud, actual malice or willful misconduct or caused any actionable harm to the plaintiff; but in the event that it is determined that his actions were improper in any of those respects and caused actionable harm, the defendant Yale University is not liable for the plaintiff's alleged damages pursuant to Conn. Gen. Stat. 52-557n.

3. The actions and conduct of Officer Pollock were objectively reasonable under the

circumstances of which he was aware, and he is therefore entitled to qualified immunity from all liability.

4. The actions and conduct of Officer Pollock did not violate any clearly established constitutional law or federal statutory right of which he reasonably should have been aware, and he is therefore entitled to qualified immunity.

5. Officer Pollock is protected by common law immunity for his discretionary acts as a police officer as alleged in the Complaint.

          THE DEFENDANTS,
          TERRANCE POLLOCK and YALE UNIVERSITY

          By: *Patrick M. Noonan*
          PATRICK M. NOONAN - CT00189
          MATTHEW H. GEELAN - CT26934
          DONAHUE, DURHAM & NOONAN, P.C.
          741 Boston Post Road, Suite 306
          Guilford, CT 06437
          (203) 458-9168
          pnoonan@ddnctlaw.com
          mgeelan@ddntlaw.com

**CERTIFICATION**

I hereby certify that on October 6, 2021, a copy of the foregoing was filed electronically and served by U.S. Mail, postage prepaid, on anyone unable to access, use or accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*Patrick M. Noonan*
Patrick M. Noonan