**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **STEPHANIE WASHINGTON** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **V.** | ) | **3:20-cv-01111** |
| | ) | |
| **DEVIN EATON, TERRANCE POLLOCK,** | ) | |
| **AZIZ ABDULLATTF, TOWN OF HAMDEN,** | ) | |
| **YALE UNIVERSITY and T&S UNITED, LLC** | ) | **OCTOBER 27, 2022** |

<u>**OBJECTION TO DEFENDANTS MOTION TO COMPEL**</u>

  The plaintiff, Stephanie Washington, by counsel and pursuant to L.R.Civ.P. 7(a)2 hereby Objects to Defendant Terrance Pollock and Defendant Yale University's (hereinafter "Defendants") Motion for Order Compelling discovery:

1. Defendants' Request for Production No. 3 as it relates to Plaintiff's privileged mental health treatment unrelated to her injuries seeks information that is unrelated to the Plaintiff's case and is overly broad and burdensome; and

2. Plaintiff's good faith offer to resolve the production dispute was rejected by the movants. Thus, the Defendants' Request for Production No. 8 regarding records and reports of all primary care physicians for the last ten (10) years including and especially those records that are unrelated to the injury alleged in the Amended complaint are overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence; and

3. Plaintiff's good faith offer to resolve the production dispute was rejected by the movants. Thus, the Defendants' Request for Production No. 9 regarding pharmacy records for the last ten (10) years seeks

information relating to plaintiff's medical condition that is not at issue in this case and is not calculated to lead to the discovery of admissible evidence; and

4. Plaintiff has already conveyed to Defendants that all up to date medical records will be provided when received thus leaving nothing to compel with respect to this request.

5. A Memorandum of Law in support of this Objection is attached hereto.

THE PLAINTIFF,
STEPHANIE WASHINGTON

By:    /s/ Winthrop S. Smith, III, Esq. (ct 30063)
Dey Smith Steele, LLC
9 Depot Street, 2nd Floor
Milford, CT 06460
Tel.: (203) 882-3351
Fax: (203) 882-3359
Email: winIII@deysmith.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHANIE WASHINGTON | ) | CIVIL ACTION NO.: |
| | ) | |
| V. | ) | 3:20-cv-01111 |
| | ) | |
| DEVIN EATON, TERRANCE POLLOCK, | ) | |
| AZIZ ABDULLATTF, TOWN OF HAMDEN, | ) | |
| YALE UNIVERSITY AND T&S UNITED, LLC | ) | OCTOBER 27, 2022 |

## OBJECTION TO DEFENDANTS MOTION TO COMPEL

The Plaintiff, Stephanie Washington, objects to Defendants Motion for
Order Compelling Discovery, dated October 6, 2022, as it relates to the
Defendants first set of interrogatories and Request for Production dated July 14,
2022. For the reasons stated herein, the court should deny the motion for order
compelling discovery.

### I.   FACTUAL BACKGROUND

On August 6, 2020, Plaintiff filed an Amended Complaint against
Defendant Terrance Pollock and Defendant Yale University ("Defendants"),
among various other parties. Plaintiff alleged certain claims against said parties
contained therein. During the discovery phase of this proceeding, the Defendants
sent Plaintiff their first set of interrogatories and Request for Production dated
July 14, 2022. Plaintiff responded to Defendants' first set of interrogatories and
Request for Production. Defendants had follow up inquiries and requests
pursuant to their first set of interrogatories and Request for Production and the
Plaintiff's responses. Plaintiff and Defendant resolved some of the discovery

3

disagreement but could not agree on all of the discovery disagreements. Certain offers from the Plaintiff to Defendants in order to work out disagreements over the first set of interrogatories and Request for Production have been rejected. Defendants filed a Motion for Order Compelling Discovery on October 6, 2022.

II.    **DISCOVERY OBJECTIONS AT ISSUE**

A. The first two requests at issue are Request for Production No. 8 and Request for Production No. 9. Request for Production No. 8 seeks production of "Copies of records and reports of all Plaintiff's primary care physicians who have treated plaintiff during the period ten (10) years prior to the incident alleged in the Amended Complaint and up through the date of trial." Request for Production No. 9 seeks production of "copies of all pharmacy records during the period ten (10) years prior to the incident alleged in the Amended Complaint and up through the date of trial."

Plaintiff has already offered to provide Defendant with the responsive documents sought as they relate to the injuries alleged in the amended complaint. Defendant has declined this offer and has requested all medical records including and especially those unrelated to the Plaintiff's injury for the preceding ten (10) years. This appears to be a fishing expedition in order to find medical records, reports or other documents that would serve only to unnecessarily burden the plaintiff with improper discovery requests, confuse a jury or embarrass the Plaintiff. Plaintiff stands by her objection that the request is overly broad, unduly burdensome, seeks privileged information that was not placed in issue by the plaintiff in bringing this case, and is not calculated to lead

to the discovery of admissible evidence with respect to Request for Production No. 8. Based on the aforementioned information above, Plaintiff further stands by her objection to Request for Production No. 9 that the request for pharmaceutical records seeks information relating to plaintiff's medical condition that is similarly privileged because it is not at issue in this case and is not calculated to lead to the discovery of admissible evidence. The Plaintiff has not alleged broad injuries, as suggested by Defendant. Rathe,r the Plaintiff has alleged specifically, and with particularity, the nature of the injuries sustained and in what time period they occurred. Thus, <u>Irizarry v. M.L. Moskowitz & Co.</u>, 2012 Conn. Super. LEXIS 140 *8-9 (January 12, 2012) is inapplicable. There, the plaintiff alleged and sought compensation for the fact that he could not take part in the usual activities of his everyday life thus directly putting his state of health into issue. <u>Id.</u> As a consequence, the court held that given that the Plaintiff requested compensation for his inability to take part in the usual activities of his everyday life "any medical condition that has any potential bearing on his health prior to the accident should be disclosed." <u>Id.</u> Even so, and as indicated herein, the Plaintiff has already offered to provide Defendants with medical records from the last ten (10) years that do, in fact, relate to the Plaintiff's injuries.

B. The next Request for Production at issue is Request for Production No. 11. Request for Production No. 11 reads, "for each social media account maintained by the Plaintiff (including, but not limited to, Facebook, Instagram, WhatsApp, Twitter, LinkedIn and Snapchat), please produce all account activity (including, but not limited to, posting status updates, comments, causes joined,

groups joined, activity streams, blog entries, shares, photographs, videos) for the period of April 15, 2019 through the present."

As Defendants counsel suggests in their Motion to Compel, Plaintiff has offered to produce any social media postings that the Plaintiff has made on any social media platform regarding the incident, the injuries sustained therein, the Plaintiff's physical or mental condition or well-being from the subject incident. This good faith attempt to resolve the production dispute would be relevant, reasonable, and proportionate to the claims made by the Plaintiff. The Plaintiff has a tough time coming up with a scenario where producing responsive documents for "postings made by the Plaintiff in which she makes comments or observations on her own physical or mental health" that are unrelated to Plaintiff's claims would be in any way relevant or even proportionate to the claims made in the Amended Complaint. This appears to be another fishing expedition highlighting social media postings unrelated to the injuries alleged in the Amended Complaint over the course of more than three (3) years in order to unnecessarily burden the plaintiff, confuse a jury, or embarrass the Plaintiff. Defendants argue this will lead to the discovery of admissible evidence on the issue of proximate cause of the Plaintiff's alleged pain as it relates to the incident. Social media posts unrelated to being shot by a police officer would absolutely not show anything having to do with proximate cause relating to pain that the Plaintiff sustained pursuant to this incident.

C. The next Request for Production at issue is Request for Production No. 3. Request for Production No. 3 reads, "[c]opies of all reports and records of all

medical treatment for the injuries, conditions or illnesses identified above in response to Interrogatories 8 and 9." Interrogatory No. 8 reads, "[h]ave you sustained or suffered from any injuries, conditions or illnesses similar to those alleged in the Amended Complaint during the ten (10) years preceding the date of the incident alleged in the Amended Complaint." Interrogatory No. 9 reads, "If so, identify the nature of such injuries conditions or illnesses and provide with respect to same the information requested in Interrogatory No. 2 above."

Defendants contend that Plaintiff has waived her right to object because she did not object in her responses to request for Request for Production No. 3 and Interrogatories No. 8 and No. 9. Defendants make this contention in an attempt to compel production of all of plaintiff's prior mental health treatment records, theorizing that because she is making a claim for "emotional distress," any (and all) prior mental health treatment is somehow similar to her emotional distress claim in this case.

First, Interrogatories 8 and 9 are requests that are limited to discovery about "similar injuries, conditions or illnesses." Plaintiff does not have any records of any "injuries, conditions, or illnesses" that are similar to the emotional distress she claims here in this case as a consequence of being shot by Defendants. Consequently, Plaintiff gave definitive responses to all three inquiries of which the Defendants apparently were not satisfied. There is no need to object given that the information and documents sought by Defendants do not exist. After plaintiff provided her responses, Defendants thereafter followed up with an additional request for mental health records for 10 years preceding the

7

incident as alleged in the Amended Complaint that are unrelated to the incident alleged in the amended complaint, raising for the first time the notion that somehow any prior mental health treatment is a similar injury because plaintiff claims she suffered emotional distress as a consequence of the Defendants' conduct This is not a fair reading of what request to produce #3 seeks.

Moreover, asserting a claim for emotional distress does not throw open plaintiff's entire treatment history.  <u>Conn. Judicial Branch v. Gilbert</u>, 343 Conn. 90, 128 (Conn. 2022). The issue in Gilbert was the extent to which the plaintiff was required to produce records of prior mental health treatment when making a claim for emotional distress. The Connecticut Supreme Court held that production of prior mental health treatment records is not required where the plaintiff is claiming: "emotional distress that (1) is testified to only by the complainant and other lay witnesses, (2) involves the sorts of everyday emotional and physical reactions to trauma that a jury reasonably could be expected to assess without the assistance of expert testimony, and (3) does not involve a claim by the complainant that the emotional distress required professional medical/psychological diagnosis, treatment, or medication." Gilbert, 343 Conn. at 127, n. 25.

The case presently before this Court is a strikingly similar situation to <u>Gilbert</u>. Here, as in <u>Gilbert</u>, Plaintiff has made claims for emotional distress that relate to injuries stemming from the incident in the Amended Complaint and is willing to produce treatment records for her claimed injuries or injuries that are similar to those alleged in the complaint.. Producing records of similar injuries, however, is

a far cry from producing all mental health treatment records, as apparently now claimed by the Defendants despite how request to produce #3 and interrogatories #8 and #9 are worded. Thus, as in <u>Gilbert</u>, Plaintiff is attempting compromise and is making attempts to accommodate Defendants' discovery requests while preserving the Plaintiff's privacy. It is clear that there is nothing in the case presently before the court, similar to the <u>Gilbert</u> case, that would require the Plaintiff to produce all unrelated mental health records for treatments, for the ten (10) years prior to the incident.

Moreover, the records sought by Defendants are privileged.[1] In <u>Jaffee v. Redmond</u>, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996), the court indicated that "[l]ike the spousal and attorney-client privileges, the psychotherapist-patient privilege is rooted in the imperative need for confidence and trust." The Second Circuit in <u>Rosner v. United States</u>, 958 F.3d 163 (2nd Cir. 2020) has even warned that "[t]here may be rare instances where the wrongful disclosure of a psychotherapist-patient communication cannot be fully redressed by after-the-fact court action" thus subjecting said wrongful disclosures to an appeal. (citing <u>Jaffee</u> at 10 (noting that the disclosure of certain confidential communications may cause 'embarrassment or disgrace' to the patient)). Here the Plaintiff has grave concerns as to whether this information is being sought to be used in order to embarrass or disgrace the Plaintiff seeing no other appropriate use for privileged documents as requested by the Defendants.

---

[1] Psychiatrist (Conn. Gen. Stat. § 52-146d to § 52-146j); Psychologist (§ 52-146c); Physician (§ 52-1460); Family and Marital Therapist (§ 52-146p); Social Worker (§ 52-146q); Professional Counselor (§ 52-146s).

D. The next Request for Production at issue is Request for Production No. 2. Request for Production No. 2 reads, "Copies of any and all films taken of the plaintiff or an authorization signed by you, to permit this defendant to obtain copies of these films." Plaintiff does not have a clear understanding as to why this request has been submitted to the court to compel production. As the Defendants are well aware, Plaintiff has acknowledged subsequent medical treatment after previous medical documents were produced to the Defendants. As the Defendants are well aware, Plaintiff has agreed to provide those up-to-date medical records immediately upon receipt. So asking the court to compel production of documents that have been agreed to be produced seems to be a curious waste of this Court's time and resources.

## CONCLUSION

Accordingly, based on the arguments stated herein, the Plaintiff respectfully asks the court to deny the Defendants' Motion to Compel with respect to Request for Production No. 8, Request for Production No. 9, Request for Production No. 11, and the prior mental health treatment records based, in part, on Request for Production No. 3. To affirm, Plaintiff will provide all up to date and outstanding medical treatment records as indicated herein.

THE PLAINTIFF,
STEPHANIE WASHINGTON

By:   /s/ Winthrop S. Smith, III, Esq. (ct 30063)

**Dey Smith Steele, LLC**
**9 Depot Street, 2nd Floor**
**Milford, CT 06460**
**Tel.: (203) 882-3351**
**Fax: (203) 882-3359**
**Email: winlll@deysmith.com**

## CERTIFICATION

I hereby certify that on Thursday, October 27, 2022, a copy of the foregoing was filed electronically and served by U.S. Mail, postage prepaid, on anyone unable to access, use or accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

**/s/ Winthrop S. Smith, III, Esq. (ct 30063)**